IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
AT LINCOLN, NEBRASKA

| | |
|---|---|
| RICHARD J. BLAZEK, | Case No.: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT AND REQUEST FOR JURY TRIAL** |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | |
| Defendant. | |

COMES NOW Plaintiff, Richard J. Blazek, by and through his attorney, James L. Cox, Jr., and by way of claim against the Defendant alleges, avers and states:

FIRST CLAIM FOR RELIEF
45 U.S.C. §§ 51 - 60
FEDERAL EMPLOYERS' LIABILITY ACT

1. At all times herein mentioned, Defendant, Union Pacific Railroad Company, a corporation, was and is now a duly-organized and existing corporation doing business in the State of Nebraska and other states. Defendant was at all times herein mentioned and now is engaged in the business of a common carrier by railroad in interstate commerce in Nebraska and other states.

2. At all times herein mentioned, part of Plaintiff's duties as an employee of Defendant were in the furtherance of and directly or closely or substantially affected said interstate commerce.

3. The injuries sustained by Plaintiff hereinafter enumerated arose in the course of Plaintiff's employment with Defendant.

4. Plaintiff brings this action against the Defendant under the provisions of 45 U.S.C., §§ 51 to 60 *et seq.*, commonly referred to as the Federal Employers' Liability Act; regulations promulgated under the authority of those sections; and other federal safety laws.

5. Under the terms of the Federal Employers' Liability Act this court has jurisdiction.

6. Since 1967, Plaintiff has been employed by Defendant in its Maintenance of Way Department in Nebraska, and has been engaged in very heavy and repetitive, lifting, spiking, jack hammering, and other heavy physical work while working on ties and ballast.

7. At said times and places, Plaintiff was performing his duties as a laborer pursuant to the instructions of his supervisor; the rules, methods, and procedures of Defendant; and with the tools and equipment provided to him.

8. In December 2004, Plaintiff began to experience pain in his left shoulder for which he sought treatment, including medications, surgery and physical therapy. The injury was a left full thickness rotator cuff tear for which he had surgery on June 2, 2005 consisting of a left shoulder arthroscopy with limited labral debridement, arthroscopic subacromial decompression, and mini open rotator cuff repair.

9. During the period of his employment, Defendant had the duty to exercise ordinary care to provide its employees with a reasonably safe place to work, in, among other things:

    (a) the duty to institute, oversee, and carry out reasonably safe procedures and methods for its employees to accomplish their work;

    (b) the duty to provide reasonably safe and suitable tools and equipment with which its employees could perform their work;

(d) the duty to provide and maintain for its employees reasonably sufficient and adequate help and training in the performance of their duties; and

(c) the duty to investigate the risks of injury, including cumulative or repetitive trauma injury.

10. At said time and place, Defendant, through its agents, servants and employees other than Plaintiff, negligently failed to perform the above-said duties, as a result of which Plaintiff was caused to suffer the injuries hereinafter enumerated.

11. By reason of the facts hereinabove set forth and as a result thereof, Plaintiff received the following personal injuries, including, but not limited to, his left shoulder.

12. Plaintiff's injuries hereinabove enumerated have been painful, disabling and incapacitating, and for an indefinite time in the future will be painful, disabling and incapacitating, and have and will in the future cause Plaintiff mental and physical pain and suffering.

13. Plaintiff's injuries hereinabove enumerated have impaired Plaintiff's ability to enjoy life and will impair in the future Plaintiff's ability to enjoy life.

14. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and surgeons, and for medicines, x-rays, and hospitalization in a sum as yet unascertainable. Plaintiff is informed and believes and therefore alleges that he will require further medical attention as a result of said injuries.

15. By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff will incur a further indebtedness for medical attention.

16. By reason of the facts hereinbefore stated and the injuries caused Plaintiff

thereby, Plaintiff has sustained loss of wages and loss of fringe benefits in the past, and will in the future sustain loss of wages, impairment of earning capacity and loss of fringe benefits, all to his damage in an amount as yet unascertainable.  When said sum is ascertained, Plaintiff will pray leave of Court to insert said sum.

**WHEREFORE**, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

### REQUEST FOR JURY TRIAL

PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES RAISED HEREIN.

Signed at Denver, Colorado this 30th day of June, 2006.

s/ JAMES L. COX, JR.
James L. Cox, Jr., #20223
Attorney for Plaintiff
Rossi, Cox & Vucinovich, P.C.
3801 E. Florida Ave., Suite 905
Denver, CO  80210-2500
Telephone: (303) 759-3500
Fax: (303) 759-3180
jcox@rcvpc.com

PLAINTIFF'S ADDRESS
14845 N. Second St.
Raymond, NE  68428